United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTHONY MOLINA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-154 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Petitioner Anthony Molina is currently incarcerated pursuant to convictions for burglary of a habitation with intent to commit assault, evading arrest, and two counts of deadly conduct. Proceeding pro se, Molina filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. In his petition, Molina alleged ineffective assistance of both his trial and appellate counsel, judicial misconduct, and prosecutorial misconduct. *Id*.

Respondent Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ) filed a motion for summary judgment (D.E. 25), to which Molina responded (D.E. 32-2). The motion seeks denial of the petition on all of the grounds asserted. United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R), recommending that—with the exception of the limitations challenge—the Court grant TDCJ's motion, deny the petition, and deny a certificate of appealability (COA). D.E. 34.

Pending before the Court are Molina's objections to the M&R. D.E. 36. For the following reasons, the Court OVERRULES the objections and ADOPTS the findings and

conclusions of the Magistrate Judge. With the exception of the limitations challenge, the Court GRANTS TDCJ's motion, DENIES the petition, and DENIES any request for a COA.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## FACTS

The evidence is discussed in detail in the M&R. Molina has not identified any of those factual recitations as erroneous, although some of the evidence was disputed. The jury heard testimony that Monica Alaniz had tried to end a romantic relationship with Molina and had left her home, with her family telling Molina that she had gone to rehab. She then went to stay with her son, Patrick Alaniz. Soon thereafter, with Monica's car parked out front, Molina took an axe to Patrick's back door, gaining entry and wielding a shotgun.

Both Molina and Patrick fired guns. Monica suffered a substantial shot to the arm and Patrick suffered a small grazing shot that did not require medical attention. Patrick's fiancé, Alexa Gonzalez, who was also in the home that night, called 911. Monica, Patrick, and Alexa managed to escape through windows. The police responding to the

911 call apprehended Molina after observing him leave the home, get in his vehicle, and lead them on a high speed chase.

At trial, the recording of the 911 call was played, despite it not having been provided during pretrial discovery. Molina's counsel chose not to object and, two days later, was able to cross-examine Alexa on the content of the call.

## DISCUSSION

### A. Statute of Limitations

TDCJ's motion sought dismissal on the basis of the one-year statute of limitations for habeas corpus petitions, arguing that equitable tolling was unavailable to extend the deadline. *See* 28 U.S.C. § 2244(d); D.E. 25, pp. 7-14. The Magistrate Judge recommended that the petition be found timely based on statutory tolling and that TDCJ's request for summary judgment on this ground be denied.

TDCJ did not file objections to the M&R and has thus acquiesced in the Magistrate Judge's determination that the petition is timely. However, Molina offers two objections, regarding the timeliness of the petition. D.E. 36, pp. 1-2. These objections would not provide Molina with any additional relief because summary judgment on this issue is recommended to be denied. And the review of the merits would not change if the denial of the limitations challenge was made on an alternate basis. Molina's first two objections regarding the limitations analysis are OVERRULED as moot.

### B. Right to a Hearing and Fact Findings

In his third objection, Molina complains that the Magistrate Judge failed to address "whether the State Court could have rendered a reliable decision without holding

any evidentiary hearing despite two contradicting affidavits from trial counsel," referencing the test of § 2254(d)(2). D.E. 36, pp. 3–4. This objection is contrary to the law applicable to habeas actions. A state habeas court need not conduct a hearing to support a judgment on the merits. *Freeney v. Davis*, 737 F. App'x 198, 204–05 (5th Cir. 2018) (quoting *Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010)).

Questions such as the ineffective assistance of counsel are mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 110-12 (1995). As such, they fall under a § 2254(d)(1) analysis. "In reviewing a state court's decision under the [§ 2254(d)(1)] 'unreasonable application' prong, we focus on 'the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence.'" *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002)). Molina's third objection is OVERRULED.

### C. Ineffective Assistance of Trial Counsel

Molina's fourth objection, in support of his ineffective assistance claim, challenges the Magistrate Judge's conclusions regarding trial counsel's (a) failure to object to the introduction of the recording of the 911 emergency call into evidence, and (b) failure to investigate the fact issues presented by that call. D.E. 36, pp. 4–6. Molina does not specify any particular error in the M&R's analysis. Instead, his objection is conclusory, simply disagreeing with the M&R's conclusion that Molina's petition fails to show both deficient representation and prejudice.

The Court has reviewed the analysis and finds no clear error in the M&R's conclusions. The M&R sets out the proper rubric for decision, a matter Molina does not

contest. Molina has failed to meet that rubric. The Magistrate Judge properly concluded that counsel's actions were within the scope of a proper strategy and there is no indication that any investigation would have resulted in the discovery of any materially significant facts. Molina has failed to show that he was prejudiced, given the nature of the evidence and the charges against him. The fourth objection is OVERRULED.

### D. Ineffective Assistance of Appellate Counsel

Molina's fifth objection claims that his appellate counsel was ineffective by failing to raise the following points on appeal: (1) judicial and prosecutorial misconduct; (2) ineffective assistance of trial counsel; and (3) sufficiency of the evidence. D.E. 36, p. 6–7. With respect to judicial and prosecutorial misconduct, Molina references "confrontation of witnesses (impeachment)" and "prior inconsistent statements." *Id*. But his objections provide no additional detail on which this Court may make an informed decision. They are rejected as conclusory, in violation of Federal Rule of Civil Procedure 72(b)(2).

Likewise, Molina provides no detail in support of his sufficiency of the evidence claim. The Texas Thirteenth Court of Appeals did adjudicate a sufficiency of the evidence issue. D.E. 22-1. It found that there was sufficient evidence to support the conviction, even if the prosecution had to show that Monica was the target of Molina's intended assault. Molina's conclusory complaint is rejected pursuant to Rule 72(b)(2).

With respect to ineffective assistance of appellate counsel, Molina appears to argue that the availability of habeas relief does not negate the prejudicial consequences of failure to raise the issue of trial counsel's ineffectiveness on direct appeal. But the rubric

for deciding an ineffective assistance claim—a Sixth Amendment issue—remains the same regardless of the proceedings in which it is raised. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that *Strickland* applies in a direct appeal in state court). And Molina does not show that there is any difference between the direct appeal and AEDPA standards of review that would have rendered a different outcome.

Moreover, Molina does not explain how his conviction "was modified by the 13th Court of Appeals", creating a new opportunity for appellate counsel to raise error. As noted above, according to its memorandum opinion, the Thirteenth Court did assess the sufficiency of the evidence as if the charge included Molina's intent to assault Monica. D.E. 22-1. While this analysis does not actually change Molina's judgment of conviction, it shows that—even if it did—the evidence was sufficient to support it. Molina's fifth objection is OVERRULED.

### E. Prosecutorial Misconduct

In his sixth objection, Molina complains that the M&R fails to properly adjudicate the *Brady* complaint.[1] The Magistrate Judge's analysis includes:

---

[1] Despite the parties' failure to address the issue fully, it appears that the state prosecutor did not violate *Brady*. Because the 911 call was disclosed during trial, the evidence was not withheld by the state. The inquiry is whether the defendant was prejudiced by the tardy disclosure. *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985); *see United States v. Morrison*, 833 F.3d 491, 508 (5th Cir. 2016) (holding that counsel had ample time for preparation when impeachment evidence was disclosed three days before trial); *United States v. Valas*, 822 F.3d 228, 237 (5th Cir. 2016) (holding that the government's disclosure of impeachment evidence after closing its case-in-chief was timely).

In this case, Molina has not demonstrated prejudice because his lawyer had sufficient time to prepare. The 911 call was played during trial on February 7, 2017 (D.E. 22-17, p. 280–83), and its declarant, Alexa Gonzalez, testified two days later on February 9, 2017 (D.E. 22-19, p. 55). As discussed previously, trial counsel was able to use the 911 call in his cross-examination, and any inconsistencies between the two statements were readily apparent to the jury.

> The prosecution must provide evidence favorable to the accused upon request. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The failure to do so is a violation of due process if the evidence is material to guilt or punishment. *Id*. This includes evidence that affects the credibility of a witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). To succeed on a *Brady* claim, a defendant must show that the evidentiary suppression undermines confidence in the outcome of the trial. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

D.E. 34, p. 27. Molina claims that the Magistrate Judge (1) did not assess Patrick or Monica's testimony as it conflicted with the 911 call, and (2) did not make a proper *Kyles* assessment.

The Magistrate Judge's recitation was guided by trial counsel's statement that the 911 call conflicted with the timeline to which Alexa testified. D.E. 24, p. 10 (referencing D.E. 22-53, pp. 73-74). Trial counsel's affidavit does not address any conflict with Patrick or Monica's testimony. Nonetheless, the M&R does detail the testimony of each of them. The bottom line is that Molina admitted that he used an axe to gain entry to the home, he carried a shotgun, and he shot at least twice. One shot got him access to the master bedroom and the other went into the bathroom where occupants of the home had retreated. While he claims he was not trying to assault the occupants, there is significant evidence to the contrary—regardless of the timeline of events. There is no clear error in

---

Additionally, Alexa's statements do not contradict each other materially. They do not establish who shot Monica because Alexa did not witness the event. Molina's forensic expert also could not determine which gunshot came from which gun. D.E. 22-53, p. 105–06. Instead, the question of who shot Monica was answered by Monica, Patrick, and Officer John Paul Ghezzi's testimony. Finally, whether Molina actually shot Monica was irrelevant to Molina's conviction. He was convicted of attempted assault, which did not even require that Monica be the intended victim.

the Magistrate Judge's assessment of the significance of Patrick or Monica's testimony in contrast to the 911 call.

The Magistrate Judge properly cited to *Kyles* for the proposition that, in order to succeed on a *Brady* claim, a petitioner must show that the evidentiary suppression undermines confidence in the outcome of the trial. D.E. 34, p. 27–29. The Magistrate Judge ultimately concluded that Molina failed to satisfy this requirement because he cannot show that the 911 call was material to his conviction. D.E. 34, p. 28–29. Other evidence that was not affected by the 911 call was sufficient to support confidence in the conviction. Molina's sixth objection is OVERRULED.

### F. Certificate of Appealability

The Magistrate Judge recommended that the Court deny a certificate of appealability. Molina objects to the Magistrate Judge's recommendation in a conclusory manner. After a careful review, the Court agrees with the Magistrate Judge's finding that reasonable jurists would not find it debatable that Molina failed to state a claim for a violation of a constitutional right. The Court therefore DENIES a certificate of appealability.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, Molina's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Molina's objections and ADOPTS the findings and conclusions of

the Magistrate Judge. Accordingly, TDCJ's motion (D.E. 25) is DENIED IN PART insofar as it challenges the petition as barred by limitations. The motion is otherwise GRANTED IN PART as to all other grounds for denial of relief. The Court DENIES Molina's petition for writ of habeas corpus (D.E. 1) and DENIES any request for a certificate of appealability.

ORDERED this 2nd day of September, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE